1  Rachel E. Kaufman (CSB# 259353)
2  rachel@kaufmanpa.com
   KAUFMAN P.A.
3  237 South Dixie Highway, Floor 4
   Coral Gables, FL 33133
4  Telephone: (305) 469-5881
5  Email: Rachel@kaufmanpa.com

6  *Attorney for Plaintiff and the Proposed Classes*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH VELAZQUEZ,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**ALEXANDRA URGUBY**, a California individual,<br><br>*Defendant*. | Case No. **'23CV2334 LL   SBC**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

### CLASS ACTION COMPLAINT

Plaintiff Elizabeth Velazquez ("Plaintiff Velazquez" or "Velazquez") brings this Class Action Complaint and Demand for Jury Trial against Defendant Alexandra Urguby, ("Defendant" or "Urguby") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by sending unsolicited telemarketing text messages to consumers whose phone numbers registered on the

National Do Not Call Registry ("DNC") and for calling or texting consumers after they informed the Defendant to stop. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Velazquez, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Velazquez is a resident of San Diego, California.

2. Defendant Urguby is an individual realtor located in Bonita, California.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction and venue is proper since Defendant resides in this District and the wrongful conduct giving rise to this case was directed from this District to the Plaintiff who also resides in this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number

of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 4.6 billion robocalls were placed in October 2023 alone, at a rate of 148.7 million per day. www.robocallindex.com (last visited November 22, 2023).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

CLASS ACTION COMPLAINT

3

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. Defendant Urguby is a real estate agent.

14. Defendant sends telemarketing calls and text messages *en masse* to consumers to generate new property listings and to locate new property buyers for which Urguby makes a commission.

15. Some of the calls and text messages from Defendant Urguby are placed to consumers whose phone numbers are registered on the DNC and who never gave Urguby consent to call, as per Plaintiff's experience.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

CLASS ACTION COMPLAINT

4

16. In response to these calls and texts, Plaintiff Velazquez brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF VELAZQUEZ'S ALLEGATIONS

17. Plaintiff Velazquez registered her cell phone number on the DNC on January 14, 2022.

18. Plaintiff Velazquez uses her cell phone number for personal use only as one would use a residential telephone number.

19. Plaintiff Velazquez is the sole owner/user of her cell phone number ending in 0987.

20. Plaintiff Velazquez acquired her cell phone over a year before she received solicitation text messages from Urguby.

21. The text messages that Plaintiff Velazquez received from Defendant Urguby were all received more than 31 days after Plaintiff registered her cell phone number on the DNC.

22. On May 18, 2023 at 7:08 AM, Plaintiff Velazquez received an unsolicited text message from Alli Urguby to her cell phone, from 619-704-3145:



23. On May 19, 2023 at 2:37 PM, Plaintiff Velazquez received a 2nd unsolicited text message from Alli Urguby to her cell phone, again from 619-704-3145:



24. On May 20, 2023 at 1:12 PM, Plaintiff Velazquez received a 3rd unsolicited text message to her cell phone from Urguby, from 619-704-3145:



25. Plaintiff Velazquez then received a 4th unsolicited text message later in the day on May 20, 2023 at 4:44 PM to her cell phone from Urguby, from 619-704-3145:

> Hi Silvia, I wanted to follow up on the email I sent you earlier. Have you had a chance to review it yet? It contains some helpful tips that can make the home buying process less overwhelming, especially if you're a first-time buyer. If you have any questions don't hesitate to reach out. I'm here to help you every step of the way!

*(Text message from +1 (619) 704-3145, Yesterday 4:44 PM)*

26. On May 22, 2023 at 12:50 PM, Plaintiff Velazquez received a 5th unsolicited text message to her cell phone from Urguby, from 619-704-3145. In response, Plaintiff replied "Stop" at 11:00 AM on May 23, 2023 and she received a text confirmation immediately letting her know that her number was unsubscribed:



27.     Despite her clear stop request, Plaintiff Velazquez received an unsolicited phone call to her cell phone from Urguby on June 1, 2023 at 1:35 PM soliciting real estate services, again from 619-704-3145:

CLASS ACTION COMPLAINT

9



28. The text messages that Plaintiff Velazquez are intended for somebody named Sylvia. Plaintiff Velazquez does not know who Sylvia is and she has never identified herself using the name Sylvia.

29. Plaintiff Velazquez has never done business with Urguby and she has never given her consent to call or text her phone number.

30. The unauthorized solicitation text messages and call that Plaintiff Velazquez received from the Defendant have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

31. Seeking redress for these injuries, Plaintiff Velazquez, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

# CLASS ALLEGATIONS

32. Plaintiff Velazquez brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Urguby called or texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Urguby called and/or texted Plaintiff.

> **Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant texted or called more than one time on their residential telephone number, (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff, (4) including at least once after the person requested that they stop calling.

33. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally

adjudicated and/or released. Plaintiff Velazquez anticipates the need to amend the Class definition following appropriate discovery.

34. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant placed multiple calls and text messages within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each text message;

(c) Whether Defendant continued to place calls or text messages after a consumer informed the Defendant to stop;

(d) whether Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

(e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

36. **Adequate Representation**: Plaintiff Velazquez will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Velazquez has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Velazquez and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Velazquez nor her counsel have any interest adverse to the Classes.

37. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Velazquez. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex

litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Velazquez and the Do Not Registry Class)**

38. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

39. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

40. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

41. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to

CLASS ACTION COMPLAINT
14

be initiated, telephone solicitations to telephone subscribers such as Plaintiff Velazquez and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

42. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Velazquez and the Do Not Call Registry Class received more than one telephone text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

43. As a result of Defendant's conduct as alleged herein, Plaintiff Velazquez and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

44. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

45. Plaintiff repeats and realleges paragraphs 1-37 of this Complaint and incorporates them by reference herein.

CLASS ACTION COMPLAINT

46. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called

party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47. Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls.

48. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

CLASS ACTION COMPLAINT

49. Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Velazquez requests a jury trial.

Respectfully Submitted,

**ELIZABETH VELAZQUEZ**, individually and on behalf of all others similarly situated,

DATED this 26th day of December, 2023.

CLASS ACTION COMPLAINT

By: /s/ *Rachel E. Kaufman*
Rachel Elizabeth Kaufman
Kaufman P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
(305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*

CLASS ACTION COMPLAINT

19